FRANK ADRIANCE, APPELLANT, v. SCHENCK BROTHERS, PALISADES REALTY AND AMUSEMENT COMPANY AND WILLIAM JOHNSON, RESPONDENTS.

Argued June 17, 1920—Decided November 15, 1920.

1. The doctrine expressed by the maxim *res ipsa loquitur* clearly imports that there must in each case be something in the facts that speaks of the negligence of the defendant.
2. If there is no proof of any fact, by which the conduct of the defendant can be ascertained, there is nothing for a jury to pass upon.
3. The only presumptions of fact which the law recognizes are immediate inferences from the facts proved.
4. The doctrine or maxim *res ipsa loquitur* is not applicable to the situation, as shown in the record of this case.

---

On appeal from the Supreme Court.

For the appellant, *Frank R. Pentlarge.*

For the defendant, *McDermott & Enright,* and *Wendell J. Wright.*

The opinion of the court was delivered by

BLACK, J. This is an accident case in which the plaintiff appeals.

The trial judge nonsuited the plaintiff, as to two of the defendants, the Schenck Brothers and the Palisades Realty

and Amusement Company. He directed a verdict at the close of the case, in favor of the other defendant, Johnson, on the ground that the proofs showed no facts from which negligence could be inferred by the jury. This was the meritorious question in the case. We think there was no error in the rulings of the trial court, as to each of the defendants. This disposes of all the other mooted questions on the appeal. The dominant and undisputed facts are these. The plaintiff, on June 17th, 1917, with three others, making a party of four, went to the amusement park at Fort Lee, Bergen county. The park was owned by the defendant, The Palisades Realty and Amusement Company; the defendant Schenck Brothers was employed by the company as managing director. The defendant Johnson had a concession to operate an amusement device called a "racer" located within the boundaries of the park. The plaintiff with his companions went to the park and paid for a ride on the racer. The plaintiff sat in the rear seat of the car; on his right sat one of his companions; in the front seat of the car sat the other two; an iron bar was placed in front of them across their laps and fastened to the outside of the car. Toward the end of the second ride something happened; the plaintiff ceased to remember anything; his companion sitting by his side spoke to him a few moments before the accident. The next thing he knew or saw he found the plaintiff doubled up, bleeding. No one of the party saw the plaintiff struck or saw how he was injured. The facts disclose an injury which is admitted, but do not disclose how it happened and no one gave any testimony on the point. It is urged as a ground of reversal, that the plaintiff made out a *prima facie* case of negligence by proof of the injury and that the doctrine or maxim *res ipsa loquitur* is applicable, thus making a jury question.

Suffice it to say, we cannot accept this view. Mr. Justice Garrison, speaking for this court, in the case of *Bahr* v. *Lombard, Ayres & Co.,* 53 *N. J. L.* 233, 239, said: "It is evident that this phrase clearly imports that there must, in each case, be something in the facts that speaks of the negligence

of the defendant." It would serve no useful purpose to carry forward, further, the discussion of this subject. The books are full of cases illustrating the doctrine and the literature of the law is replete with a discussion of the subject.

In this court, in the case of *Conover* v. *Delaware, &c., R. R. Co.,* 92 *N. J. L.* 602, Mr. Justice Kalisch has reviewed many of the leading cases, pointing out their correct application. He, also, in that case made a collection of the cases on this subject in our own reports.

If there is no proof of any fact by which the conduct of the defendant can be ascertained, there is nothing for a jury to pass upon. *Bahr* v. *Lombard, Ayres & Co., supra.*

The only presumptions of fact which the law recognizes are immediate inferences from the facts proved. *Price* v. *New York Central R. R. Co.,* 92 *N. J. L.* 429.

The rulings of the trial court were not error on the meritorious question in the case. The result we have reached renders it unnecessary to discuss the other points argued.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ.  13.

*For reversal*—None.